Filed 11/21/23  P. v. Young CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ERNEST YOUNG,<br><br>    Defendant and Appellant. | F085651<br><br>(Super. Ct. No. F21903955)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from an order of the Superior Court of Fresno County.  Glenda S. Allen-Hill, Judge.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

Appellant Ernest Young (appellant), who is serving a state prison term, filed a petition for resentencing and reduction of his two felony convictions to misdemeanors, based on Proposition 47 and Penal Code[1] section 1170.18. The trial court denied the petition and found he was statutorily ineligible for relief. On appeal, his appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. We reviewed the record and affirm.

## PROCEDURAL BACKGROUND

In 2021, appellant pleaded no contest to two felony offenses: assault with a deadly weapon (§ 245, subd. (a)(1)) and attempting to dissuade a witness (§ 136.1, subd. (a)(2)), and admitted one strike prior conviction. He was sentenced to a stipulated second strike term of 10 years.

On August 26, 2022, appellant filed a petition to reduce both his felony convictions to misdemeanors and for resentencing pursuant to section 1170.18.

On November 23, 2022, the trial court denied appellant's petition and held he was ineligible for relief under section 1170.18, subdivisions (a) and (f).

On appeal from the denial of his petition, appellant's counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216, which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.

On August 2, 2023, this court sent a notice to appellant stating his appellate counsel filed a brief under *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Delgadillo*, *supra*, 14 Cal.5th 216 that indicated no arguable issues had been identified for appeal; that he had 30 days in which to file a supplemental letter or brief raising any

---

[1] All further statutory citations are to the Penal Code.

arguable issues he wanted this court to consider; and if he did not file a letter or brief this court may dismiss the appeal as abandoned. Appellant has not filed a supplemental brief.

## DISCUSSION

Proposition 47 "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 "also added ... section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 871, fn. omitted.)

Section 1170.18 does not include section 245, subdivision (a)(1) and section 136.1, subdivision (a)(2) as offenses that are subject to reduction and resentencing pursuant to Proposition 47. (§ 1170.18, subds. (a), (f).) As such, defendant is statutorily ineligible for relief under section 1170.18, and the trial court correctly denied his petition.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The trial court's order of November 23, 2022, denying appellant's petition, is affirmed.